NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONNELL BLEDSOE,

Plaintiff - Appellant,

v.

MARTINEZ, Sgt.; LEATUGE; MICHELL; CHRISTEN; SAN JOAQUIN COUNTY JAIL,

Defendants - Appellees.

No. 24-2198

D.C. No.
2:18-cv-02710-DAD-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 15, 2026[**]

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

Plaintiff-Appellant Donnell Bledsoe, proceeding pro se, appeals the district

court's entry of judgment in favor of Defendant, Sergeant Martinez, following a

jury trial and verdict in favor of Martinez. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Bledsoe challenges two of the district court's evidentiary rulings, which we review for abuse of discretion. *United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017). Further, as a general rule, evidentiary rulings are subject to harmless error analysis. *See id.*

1. The district court did not abuse its discretion in denying Bledsoe's request to admit into evidence the magistrate judge's findings and recommendation addressing Martinez's motion for summary judgment. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The magistrate judge's summary judgment recommendation is not relevant evidence because it does not tend to make any fact of consequence more or less probable. Bledsoe argues that the summary judgment recommendation is admissible under Federal Rule of Civil Procedure 52 as the court's findings of fact. But the summary judgment recommendation does not constitute findings of fact under Federal Rule of Civil Procedure 52; it reflects only the magistrate judge's assessment of the pre-trial record in the light most favorable to the nonmoving party. That assessment has no evidentiary value at trial.

2. The district court did not abuse its discretion in admitting evidence of

24-2198

Bledsoe's past convictions for purposes of impeachment. Under Federal Rule of Evidence 609, evidence "that a witness in a civil or criminal trial has been convicted of a felony must be admitted within ten years of the conviction; after ten years, the conviction is admissible [for impeachment] only if its probative value, 'supported by specific facts and circumstances, substantially outweighs its prejudicial effect.'" *SEC v. Jensen*, 835 F.3d 1100, 1116–17 (9th Cir. 2016) (quoting Fed. R. Evid. 609(b)(1)). Bledsoe's January 2017 and August 2014 convictions were introduced only for the purpose of impeaching Bledsoe and were less than ten years old at the time of trial in March 2024.

Bledsoe relies on California S.B. 731, but that state law does not govern the admission of evidence in federal court. To the extent Bledsoe argues that expungement under S.B. 731 constitutes "a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated" rendering his convictions inadmissible, Fed. R. Evid. 609(c)(1), the record "does not reveal any such finding of rehabilitation," *United States v. Wood*, 943 F.2d 1048, 1056 (9th Cir. 1991).

**AFFIRMED.**